### CONSUMERS' GAS & FUEL CO. v. ERWIN.* (No. 9939.)

(Court of Civil Appeals of Texas. Fort Worth. April 22, 1922. Rehearing Denied June 17, 1922.)

I. **Master and servant** &#8709;358 — **Compensation Act held to require employer to give notice to subsequent employee.**

An employer must give notice that he is a subscriber to the insurance fund, to employees hired subsequent to his becoming such subscriber, as required by Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—77, 5246—78, which were parts of the original Workmen's Compensation Act of 1913, re-enacted in 1917, notwithstanding the provision of article 5246—4, that an employee has waived his right of action at common law or under any statute if he shall not have given his employer notice that he claimed such right, or if the contract of hire was made before the employer became a subscriber, if the employee shall have given notice within five days of notice of such subscription.

#### On Motion for Rehearing.

2. **Statutes** &#8709;226—**Presumption is that prior construction by state courts, rather than that by foreign courts, is adopted.**

When the Legislature re-enacted in the Workmen's Compensation Act of 1917 the provisions of the act of 1913, now appearing as Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—77, 5246—78, and at the same time copied from

---

Massachusetts an amendment now appearing as article 5246—4, it is to be presumed in case of a conflict that the Legislature intended. to adopt the construction placed on the act of 1913 by the courts of the state rather than that placed by the Massachusetts Supreme Court on the statute adopted from that state.

**3. Master and servant ⊂⊃348—Different sections of Compensation Act construed together.**

The different sections of the Workmen's Compensation Act must be construed in the light of the general purposes of the act as gathered from all its provisions, so that Vernon's Ann. Civ. St. Supp. 1918, arts. 5246—3, 5246—4, added by amendment in 1917, cannot be construed separately and independently of the other provisions of the same act.

Appeal from District Court, Palo Pinto County; J. B. Keith, Judge.

Action by J. D. Erwin against the Consumer's Gas & Fuel Company to recover damages for personal injuries. Judgment for plaintiff, and defendant appeals. Affirmed.

Harry P. Lawther, of Dallas, for appellant.

S. D. Goswick, of Mineral Wells, for appellee.

DUNKLIN, J. The Consumers' Gas & Fuel Company has appealed from a judgment rendered in favor of the plaintiff, J. D. Erwin, for damages resulting from a personal injury sustained by him while engaged in the service of defendant.

Plaintiff's cause of action was based upon allegations of negligence of the master. The trial was before a jury, who sustained those allegations, and· the judgment rendered was based upon that finding, which has not been challenged in this court. Prior to and at the time of the accident, appellant was a "subscriber" in accordance with the provisions of the Texas Employers' Liability Act, which is also known as the "Workmen's Compensation Law," and now appears in chapter 5 of title 77, Second Supplement Vernon's Tex. Civ. Statutes. Defendant pleaded that it was a subscriber under that act and invoked the provisions of the same as a defense to the suit. Defendant alleged that at the time of the accident it held a valid policy of compensation insurance issued by the Texas Employers' Insurance Association, which was created by the act, and which policy·provided for payment to defendant's employees of compensation for injuries sustained by them while in such employment. Defendant further alleged that notice that it was such subscriber and held such policy had been given to the plaintiff at the time he was employed by writing and by print in accordance with the order of the Industrial Accident Board,· as provided by section 19, pt. 3, of the act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246–77), that when he was employed plaintiff did not give to the defendant notice in writing that he claimed his right of action at common law or under any statute of this state to recover damages for injuries that might be sustained by him in the course of his employment, nor did he give such notice within five days after being notified by his employer that it was a "subscriber" under the act. The defendant further alleged that after the accident the Texas Employers' Insurance Association, with whom it held the policy of insurance, above mentioned, offered to pay plaintiff the compensation fixed by the act and in accordance with its terms, but that such offer had been refused by plaintiff.

By supplemental petition, plaintiff specially pleaded that his cause of action was based on his common-law right of recovery, and that he was not seeking a recovery under any of the provisions of the Workmen's Compensation Law. He further pleaded that the defendant had never at any time given him any notice in writing or otherwise that it was carrying insurance for his benefit or that the defendant was a subscriber under the act mentioned, and that he had no knowledge of such facts prior to the date of his injury. The jury sustained that plea of failure of the defendant to serve him with notice that it was a subscriber under the act, and the correctness of that finding has not been challenged by the appellant.

The original Employers' Liability Act was passed in 1913. In 1917 the act was amended and was rewritten in its entirety, and as so rewritten it appears in the supplement to the statutes above cited.

The proof showed without controversy that prior to the date of plaintiff's employment the defendant became a subscriber under and by virtue of the terms of the act, and at the time of the accident held a policy of insurance in favor of its employer, as pleaded in its answer.

Article 5246—77 of the present statute reads as follows:

"Every subscriber shall, as soon as he secures a policy, give notice in writing or print, or in such manner or way as may be directed or approved by the Board, to all persons under contract of hire with him that he has provided for payment of compensation for injuries with the association."

Article 5246—78 reads:

"Every subscriber shall, after receiving a policy, give notice in writing or print, or in such manner or way as may be directed and approved by the Board to all persons with whom he is about to enter into a contract of hire that he has provided for payment of compensation for injuries by the association. If any employer ceases to be a subscriber, he shall on or before the date on which his policy expires, give notice to that effect in writing or print or in such other manner or way as the Board may direct or approve to all persons under contract of hire

with him. In case of the renewal of his policy no notice shall be required under this act. He shall file a copy of said notice with the Board."

Article 5246—3 reads:

"The employees of a subscriber shall have no right of action against their employer for damages for personal injuries, and the representatives and beneficiaries of deceased employees shall have no right of action against such subscribing employer for damages for injuries resulting in death, but such employees and their representatives and beneficiaries shall look for compensation solely to the association, as the same is hereinafter provided for; provided that all compensation allowed under the succeeding sections herein shall be exempt from garnishment, attachment, judgment and all other suits or claims, and no such right of action and no such compensation and no part thereof or of either shall be assignable, except as otherwise herein provided, and any attempt to assign the same shall be void."

The three articles copied above were contained in the original act of 1913. By the amended act, passed in 1917, the following article was added, which followed immediately the article last copied:

"Art. 5246—4. An employee of a subscriber shall be held to have waived his right of action at common law or under any statute of this state to recover damages for injuries sustained in the course of his employment if he shall not have given his employer, at the time of his contract of hire, notice in writing that he claimed said right or if the contract of hire was made before the employer became a subscriber, if the employer shall have given the said notice within five (5) days of notice of such subscription. An employee who has given notice to his employer that he claimed his right of action at common law or under any statute may thereafter waive such claim by notice in writing, which shall take effect five (5) days after its delivery to his employer or his agent; provided further, that any employee of a subscriber who has not waived his right of action at common law or under any statute to recover damages for injury sustained in the course of his employment, as above provided in this section, shall, as well as his legal beneficiaries and representatives have his or their cause of action for such injuries as now exist by the common law and statutes of this state, which action shall be subject to all defenses under the common law and statutes of this state."

In the act of 1917, article 5246—3, copied above, was designated as section 3, pt. 1, of the act, and was contained in the act of 1913, while article 5246—4, copied above, was added as section 3a of the act of 1917, and was not contained in the original act of 1913.

The proof showed without controversy that the plaintiff, Erwin, did not give his employer the notice provided in article 5246—4, which was the article added by amendment of 1917. Appellant insists that by reason of Erwin's failure to give such notice he waived his right of action at com-

mon law to recover the damages for the injuries complained of in this suit; and that is the only question presented upon this appeal.

It is plain that under the act of 1913 if the employer failed to give to the employee the statutory notice that the employer was a subscriber under the provisions of the act, the employee would have a right of action at common law for damages resulting from personal injuries sustained during his employment. It was so held in Kampmann v. Cross (Tex. Civ. App.) 194 S. W. 437; Rice v. Garrett (Tex. Civ. App.) 194 S. W. 667; Middleton v. T. P. & L. Co., 108 Tex. 96, 185 S. W. 556; Farmers' Petroleum Co. v. Shelton (Tex. Civ. App.) 202 S. W. 194. And in Batson-Milholme Co. v. Faulk (Tex. Civ. App.) 209 S. W. 837, it was held that notwithstanding the amendment noted by the act of 1917 the employer is required to give to the employee the notice provided in article 5246—77, in order to escape his common-law liability. In other words, it was held in that case that article 5246—4, which was added to the original act of 1913, did not relieve the employer of the duty to give to the employee the notice provided for in articles 5246—77 and 5246—78.

The contention presented by appellant is the following taken from its brief:

"Under the amendment of 1917, an employer who has complied with the provisions of the act, and becomes a 'subscriber' and has complied with the requirements of section 19, pt. 3, of the act, by giving notice to all of his then employees and to all with whom he is then about to enter into a contract of hire, that he has provided for the payment of compensation for injuries with the association, is not thereafter required to give a similar notice to any person who subsequently enters his employment. Such a person by entering into a contract of hire with him is automatically put under the act and may only retain his right of action at common law by giving the notice to his employer provided for in section 3a, pt. 1. This is plain from a reading of the act; and in the discussion of the effect of the change made in the law by addition of section 3a, pt. 1, contained in the opinion in Batson-Milholme Co. v. Faulk, supra (Tex. Civ. App.) 209 S. W. page 842. Indeed, to hold that under the amendment of 1917 it is necessary after an employer complies with all the conditions of the act, and has become a 'subscriber,' and given the notice provided for in section 19, pt. 3, of the act, to still give the same notice to any person who subsequently enters into a contract of hire with him in order that as to such person the relation of subscribing employer and employee might exist, and that in default of giving such notice, said subsequent employee would retain his right of action at common law, would be to ignore the express provision contained in section 3a, pt. 1, of the amendment and to render said provision of no purpose and no effect."

[1] We cannot concur in that contention. The language used in the alternative in ar-

ticle 5246—4, "or if the contract of hire was made before the employer became a subscriber, if the employee shall not have given the said notice within five (5) days *of notice of such subscription*" (italics ours), clearly contemplated that the other article of the statutes requiring the employer to serve notice upon the employee that he had become a subscriber under the act shall continue in force. It would be an ,exceedingly strained construction to say that it was intended by the Legislature, in effect, that the employee should be charged with constructive notice that his employer is already a subscriber under the act at the time of his employment, but that if the employer becomes a subscriber after such employment it is incumbent upon him to give notice of such subscription. The amendment is a part of the entire act providing for compensation to employees and corresponding exemption of liability of the employer when the employer becomes a subscriber under the act, and we think it unreasonable to suppose that the Legislature by adopting the amendment pointed out intended in either of the contingencies mentioned in the amendment that 'the subscriber should be relieved of the duty to give notice of his subscription to his employee, in accordance with the provisions of articles 5246—77 and 5246—78.

Accordingly, appellant's two assignments of error, which present but the one contention, already referred to, are overruled, and the judgment of the trial court is affirmed.

### On Motion for Rehearing.

In our opinion on original hearing, we inadvertently stated that in Batson-Milholme Co. v. Faulk, 209 S. W. 837, by the Court of Civil Appeals of Galveston, it was held that notwithstanding the amendment of the Workmen's Compensation Statutes of 1913, by the act of 1917, the employer, in order to escape common-law liability, is required to give to the employee notice that he is a subscriber as provided in article 5246—4. In the opinion of the court rendered in that case, there was a discussion of that amendment; but the accident in controversy happened before the adoption of the amendment, and hence, necessarily the effect 'of the amendment was not involved.

Appellant now calls attention to the fact that the amendment of 1917, embodied in article 5246—4, Vernon's Ann. Civ. St. Supp. 1918, quoted in our original opinion, is substantially the same as section 5, pt. 1, of the Massachusetts Workmen's Compensation Act (St. 1911, c. 751); and that according to legislative history that amendment was taken from the Massachusetts statutes. Appellant also cites the case of Young v. Duncan, 218 Mass. 346, 106 N. E. p. 1, decided in the year 1914, in which the Supreme Court of Massachusetts held that under and by virtue of the provisions of section 5, pt. 1, of the Massachusetts statutes, unless an employee gives to his employer notice in writing that he would claim his right of action at. common law for damages for personal injuries sustained during his employment, that right is waived, even in the absence of a compliance by the employer with another article of the same statute requiring him to give to his employee notice that he is a subscriber. It is insisted that since the amendment of 1917 is a substantial copy of the Massachusetts statute, the legal presumption obtains that the Legislature of our state was informed of that interpretation of the Massachusetts statute, and that that interpretation by the Supreme Court of Massachusetts became as much a part of the amendment of 1917 as if it had been expressly written therein. In support of that contention, appellant cites Board of Water Engineers v. McKnight (Tex. Sup.) 229 S. W. 304; City of Tyler v. St. L. S. W. Ry. Co., 99 Tex. 498, 91 S. W. 1, 13 Ann. Cas. 911; Munson v. Hallowell, 26 Tex. 481, 84 Am. Dec. 582.

[2] Prior to the enactment in 1917 of article 5246—4, it had been decided several times by our appellate courts, and correctly so we believe, that in order for a subscriber to claim the exemption from his common-law liability for injuries resulting to an employee, under the Workmen's Compensation Act of 1913, it was incumbent upon him to give notice to his employee, as required by articles 5246—77 and 5246—78, copied in our original opinion. There were no decisions of this state to the contrary when the amendment of 1917 was adopted. As pointed out in the original opinion, the act of 1913 was re-enacted in 1917 in its entirety with the amendment added. It must be presumed that in re-enacting articles 5246—77 and 5246—78 the Legislature was aware of our own judicial decisions relative to the requirements therein contained and noted above. According to those decisions, a compliance with those articles of the statutes was mandatory and not merely directory, as was held in the Massachusetts decisions. And if any presumption is to be indulged that the Legislature in re-enacting those articles in 1917, with the amendment added, had in view any judicial interpretation of them, such presumption would be referable to the construction adopted by our own appellate courts rather than that adopted by the Supreme Court of Massachusetts.

[3] The different sections of the Workman's Compensation Act must be construed in the light of the general purposes of the act as gathered from all its provisions. The article added by the amendment was a part and parcel of the entire act and cannot be construed separately and independently of other provisons of the same act. To adopt such a rule of construction article 5246—3,

copied in our 'original opinion, would deny the right of an employee to sue a subscriber for. damages for personal injuries, independently of the question whether or not the subscriber had given him notice of the fact that he was a subscriber, and even though the employee had given him notice that he would claim his right of action at common law for such injuries, as prescribed in article 5246— 4, which was the amendment of 1917. This illustrates that different sections of the act must be construed in the light of each other. The construction placed upon the amended article in our original opinion is in accordance with the general rule of construction that every part of an act should be given effect if reasonably possible. The construction insisted on by appellant of following the strict letter of the amendment of 1917 would result in the rejection of the provisions of other articles requiring the subscriber to give notice to his employees that he had taken out a policy of insurance for their benefit.

The motion for rehearing is overruled.