GEORGE H. DORSEY, as Administrator, etc., of ROBERT WESLEY DORSEY, Deceased, Respondent, v. CHAUTAUQUA INSTITUTION, Appellant.

Fourth Department, November 15, 1922.

**Negligence — action for death of child who was drowned in defendant's sewage settling vat — during summer season defendant charged admission for entrance to grounds — during remainder of year admission was free and unrestricted — accident happened at time when admission was not restricted — post office and stores maintained on defendant's property throughout year — child was invitee — defendant liable for not safeguarding vats.**

In an action to recover for the death of a child that was drowned in a settling vat of defendant's sewage disposal plant it appeared that the defendant corporation owned a tract of land inclosed by a fence on which there had been erected many cottages, some stores, a bank and a post office. The defendant maintained an electric light and water system, cared for the streets, collected garbage and operated the sewage disposal plant. The stores and post office were open during the entire year and about 700 people resided on the grounds the whole year. During the summer season an admission fee was charged but for the remainder of the year admission to the grounds was free and unrestricted. The sewage disposal plant consisted of several vats which projected above the ground only a short distance and in which the water was about five feet deep. There was no fence or other protecting barrier around the vats. Plaintiff's intestate, a child about seven years of age, went on the ground for his own amusement at a time when admission was not charged, and while playing about the vats fell into one of them and was drowned.

*Held,* that the jury might properly have found that the child was an invitee on defendant's premises.

The child being on the premises by implied invitation, it was the duty of the defendant to exercise reasonable care to prevent injury to him and the jury properly found that it was negligence for the defendant not to guard the vats.

SEARS, J., dissents.

APPEAL by the defendant, Chautauqua Institution, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Chautauqua on the 30th day of November, 1921, upon the verdict of a jury for $1,500, and also from an order entered in said clerk's office on the 18th day of November, 1921, denying defendant's motion for a new trial made upon the minutes.

*Wilson C. Price,* for the appellant.

*Pickard & Bodine* [*Clare A. Pickard* of counsel], for the respondent.

HUBBS, J.:

The defendant, Chautauqua Institution, is a corporation. Its purpose is defined by statute as follows: " The purpose and object

of said corporation shall be to promote the intellectual, social, physical, moral and religious welfare of the people." (Laws of 1902, chap. 196, § 2.)

It owns a tract of land containing 185 acres on the shore of Chautauqua lake. The land is inclosed by a fence. During the summer an admission fee is charged, and during that time there are usually as many as 12,000 persons on the grounds. Many cottages have been built which are owned by the occupants, the land upon which they stand being leased from the corporation. There are stores, a bank, a post office, and many other buildings upon the tract. The land, however, is all owned by the corporation. It maintains an electric light and water system. It maintains and cares for the streets, collects garbage and operates a sewage disposal plant, employs watchmen, and, in fact, exercises many of the functions of a municipal corporation.

After the close of the summer season the gates are left open and the public in general is freely permitted to come upon the grounds. The post office and stores are open through the whole year. There are about 700 people who reside upon the grounds during the whole year. People living outside the grounds are permitted to use the tennis courts, baseball grounds, etc.

The sewage disposal plant is situated about seventy-five feet from the lake, on the southeast corner of the grounds, in a low place, and it is separated from the tennis courts by an open lot and is about two hundred and forty feet therefrom. The garbage dump is between the sewage disposal plant and the lake shore. The plant consists of one building, the engine house, and of five settling vats, side by side, separated by concrete walls two feet thick. The vats are each fifty-eight feet long and thirteen feet wide, and are about six feet deep. The water in the vats is about five feet deep. The walls project only a short distance above the ground.

On April 2, 1921, Robert Dorsey, a boy about seven years of age, went with another small boy to the vats, and while playing there fell in and was drowned. His father was a janitor in the employ of the defendant and the deceased had been in the habit of going on the grounds to do errands at the store, to watch baseball games, and for other purposes. It does not appear that he had ever gone to play around the settling vats before. It does appear that other children had played there and that they had sometimes been driven away by the man in charge of the plant. There was no fence around the vats, neither was there any notice posted warning children to keep away.

In this action to recover damages because of the death of the child, the trial court permitted the jury to find that the defendant

was negligent in failing to guard the settling vats. It charged the jury that there was nothing to indicate that the plant was not properly constructed, that it was not modern and proper for the uses for which it had been constructed. The only question of negligence submitted to the jury was the failure of the defendant to guard the vats. The court charged that the deceased was not a trespasser, and that the defendant owed him the duty of exercising reasonable care.

The boy was not on the defendant's premises on its business. He was not going to his father who worked there, neither was he going to the store. He was there on the premises solely for the purpose of playing with another young boy. Under such circumstances can it be held that the defendant owed him any greater care than to refrain from willfully injuring him?

The defendant, in conducting its business, built and operated the plant. It was necessary that it should do so to protect the health of the community. Was it obliged to guard the vats so that children could not fall into them?

It is clear that if the plaintiff's intestate was a mere licensee the same rule would apply as against a trespasser. In either case the duty of the landowner " is to refrain from inflicting upon such licensees intentional or wanton injury and from setting dangerous devices thereon such as spring-guns or like agencies for the purpose of harming trespassers." (*Fox* v. *Warner-Quinlan Asphalt Co.,* 204 N. Y. 240.) This court has recently decided that the doctrine of attractive nuisance is not recognized in this State. (*Flaherty* v. *Metro Stations, Inc.,* 202 App. Div. 583. See, also, for an extensive review of cases on that subject, *Jaffy* v. *N. Y. C. & H. R. R. R. Co.,* 118 Misc. Rep. 147.)

If the recovery in this case can be sustained it must be upon the theory that the deceased was an invitee upon the premises of the defendant. All of the cases denying liability in favor of trespassers and bare licensees state expressly that the party injured was not on the premises by invitation.

I think that the jury may properly have found in this case that the deceased was on the defendant's grounds by implied invitation. It was not necessary that there should be an express invitation. (29 Cyc. 453–455, also at 457 on the extent of the invitation.)

The defendant rented or sold the right to operate places of business, stores, markets, a bank, etc. Those places were more valuable if people were permitted to use the grounds freely. It is conceded that people in general did use the grounds freely and openly, including children. The baseball ground and tennis courts were constructed and maintained by the defendant. Surely, if

there had been a negligent condition of those grounds and a child had been injured the defendant might have been held liable.   Where ·is the limit?   It is undisputed that the children were permitted to play around and upon the vats in question, and the man in charge testified that they were free to play there " same as the other part of the ground."

I do not find that there is any other question raised which constitutes reversible error.   The question of governmental functions is disposed of by the opinion of Judge POUND in *Herman* v. *Board of Education* (234 N. Y. 196).

I advise that the judgment and order be affirmed, with costs.

All concur, except SEARS, J., who dissents.

Judgment and order affirmed, with costs. ·