GEORGE W. ARMSTRONG COMPANY, INC., v. ROY ADAIR, BY NEXT FRIEND.

No. 3317.   DECIDED FEBRUARY 17, 1923.

(247 S. W., 848.)

**1.—Certified Question—Facts Involved.**

On certified questions it is presumed that the certificate of the Court of Civil Appeals embodies the essential facts upon which the questions are predicated; and the court will not ordinarily look beyond them. (p. 446).

**2.—Dangerous Premises—Duty to Warn of Danger.**

One controlling dangerous premises owes a duty to one invited upon them, especially to a minor, to use ordinary care to avoid his injury, which may require the giving of warning against the danger. See pleadings and verdict held to be based on failure to discharge such duty, and not on default in the care due from a master to his servant. (p. 446).

**3.—Same—Licensee or Servant.**

The duty to warn against unknown and unappreciated dangers was the

same whether the injured person was a licensee visiting the premises on invitation, or an employee there in the discharge of his busineess.   (pp. 446-448).

#### 4.—Same—Workman's Compensation Law—Notice to Employee.

In order to relieve an employer subscribing to insurance of his employee under the Workman's Compensation Law from his common-law liability in a suit for negligent injury it is necessary that the employer give notice to the employee that he is such subscriber and that he had so provided for compensation for injuries received.   This not having been alleged nor found to have been done, it was no defense to an action for negligent injury that compensation must be sought under that law: and it became immaterial whether the facts found did or did not establish that the injured party was an employee. (pp. 448, 449).

#### 5.—Same—Case Stated.

A minor, who had been promised employment at a future day in the plant of a manufacturing company, by invitation of its foreman visited the premises for the purpose of becoming familiar with the work before entering upon it. While there he was injured from a danger unknown to him and against which he should have been, but was not warned.  *Held*, that, whether the facts constituted him an employe or not, the company, not having given him notice that it had provided for compensation for his injuries as such under the Workman's Compensation Law, could not defend on the ground that his action should have been under that Act, and not upon its common-law liability for negligence.   (pp. 443-449).

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

The Supreme Court, having referred the questions to the Commission of Appeals, Section A, for their opinion, here adopt same and certify it to the Court of Civil Appeals as its answers.

*E. Ratcliff*, and *McLean, Scott & McLean*, for appellant.

The jury found in effect that plaintiff at the time of his injury was an employee of defendant within the meaning of the Workmen's Compensation Act of this State.   No suit can be maintained against a subscriber to the Texas Employer's Liability Association on behalf of an injured employee of such subscriber.

As to whether or not plaintiff was a servant under the law of negligence:   Eldridge v. Citizens Ry. Co., 169 S. W., 375; Ft. Worth & D. C. Ry. Co. v. Lynch, 136 S. W., 850; Belton Oil Co. v. Duncan, 127 S. W., 884; Thompson on Negligence, Vol. 1, Sec. 580; Ringue v. Oregon Coal Co., 75 Pac., 703; Pugmire v. Oregon Short Line Ry. Co., 13 L. R. A. (N. S.), 569; Justice v. Lincoln Traction Co., 89 Neb., 542, 131 N. W., 941; Aga v. Harback, 127 Iowa, 144, 109 Am. St. Rep., 377; M. K. & T. Ry. Co. v. Reasor, 68 S. W., 332; Ruling Case Law, Vol. 18, p. 577; Hewitt v. Nurses Hospital Association (N. H.), 7 L. R. A. (N. S.), 496.

As to whether or not the word "servant" as used in the Law of Negligence has the same meaning as the word "employee". as used in the Workman's Compensation Act in this State: Negligence and

Compensation Cases, Ann. Vol., 7, 1076; Southerland on Damages, Vol. 5, Sec. 1374; Walker v. Crystal Palace Foot Ball Club, Ann. Cases 1913 C, 27; Tennessee Coal & Iron Co. v. Hayes, 97 Ala., 201, 12 So., 98; Pettee v. Noyes (Minn.), 157 N. W., 955; Minnesota Workmen's Compensation Act; English Compensation Act of 1897 (Am. Ann. Cases 1913 C, 28); Rheinwald v. Builder's Brick Co., 168 App. Div. (N. Y.), 425; Ann. Cases, 1916B, 1308, note, 1914B, 498, note, 1916B, 1307, note; Yewens v. Noakes, 6 Q. B. D. (Eng.), 530; Simmons v. Heath Laundry Co., 1 K. B. (Eng.), 543; 1 Honnold on Workmen's Compensation, 167; Tuttle v. Embry Martin Co., 158 N. W., 875; Washington Compensation Reports, 1915, p. 16.

The case as pleaded by plaintiff was based upon a violation of duty on the part of defendant toward plaintiff as an invitee; the case proved, rested upon the theory that defendant owed plaintiff certain duties as master and unless defendant was a master and plaintiff was a servant, defendant owed no duty to plaintiff to provide safe machinery and a safe place for plaintiff to work; and without such duty under the facts proved in this case plaintiff could not have recovered. Art. 1827 Vernon's Sayles' Civil Statutes, 1914; Mims v. Mitchell, 1 Texas, 443; Hall v. Jackson, 3 Texas, 305; Gulf, C. & S. F. Ry. Co. v. Gorman, 25 S. W., 992; Mexican National Ry. Co. v. Crum, 25 S. W., 1126; Sanchez v. San Antonio & A. P. Ry. Co., 88 Texas, 117; Denison v. League, 16 Texas, 400; McKinney v. Fort, 10 Texas, 219; Cooper v. Loughlin, 75 Texas, 524; Ft. Worth & R. G. Ry. Co. v. Brown, 173 S. W., 943; Hill v. Alexander, 195 S. W., 957; Stacy v. Delery, 122 S. W., 301; Modern Woodmen of America v. Yanowsky, 187 S. W., 728; York v. Thomson Lumber Co., 169 S. W., 187; Benson v. Ashford, 189 S. W., 1093; Western Union Telegraph Co. v. Tartar, 200 S. W., 559.

When defendant is charged with breach of a particular duty owed to plaintiff, plaintiff cannot recover upon proof of the breach of any other duty on the part of defendant; plaintiff can recover, if he recovers at all, upon the identical cause of action alleged and cannot recover upon proof of any other cause of action; and one relying for recovery upon a breach of a duty owed to a servant must allege the existence of the relation of master and servant. St. Louis S. W. Ry. Co. v. Evans, 158 S. W., 1179; Mexican National Ry. Co. v. Crum, 25 S. W., 1126; Ft. Worth & D. C. v. Hart, 178 S. W., 795; Townes on Texas Pleadings, Second Edition, 499-500; Gulf, C. & Santa Fe Ry. Co. v. Gorman, 25 S. W., 992; Sanchez v. San Antonio & A. P. Ry. Co., 88 Texas, 117; Snipes v. Bomar Oil Co., 161 S. W., 1; Texas & Pacific Ry. Co. v. French, 80 Texas, 96; Mayton v. T. & P. R. R. Co., 63 Texas, 77; Missouri Pacific Ry. Co. v. Hennessey, 75 Texas, 157; Houston & Texas, C. Ry. Co. v. Terry, 42 Texas, 451; Thompson on Negligence, Vol. 6, p. 544; Labatt on "Master and Servant," Vol. 4, p. 4950; Bailey on "Personal Injuries," Vol. 3, p. 2199.

The Supreme Court's consideration of a case on certified questions from the court of civil appeals, is restricted by statute to the certified questions, and its answer thereto must be made in the light of the certified facts.    Articles 1546, 1619, Revised Statutes, 1911; Goldstein v. Union Natl. Bank, 109 Texas, 555; San Antonio & Aransas Pass Ry. Co. v. Houston Packing Co., 106 Texas, 383; Moore v. State, 107 Texas, 490.; G., H. & S. A. Ry. Co. v. Zantzinger, 92 Texas, 365; McColpin v. Estate of McColpin, 96 Texas, 560; Laughlin v. Fidelity Mut. Ins. Co., 87 Texas, 115; Ft. Worth & Rio Grande Ry. Co. v. Robertson, 103 Texas, 504.

The question of the sufficiency of defendant's trial amendment was not raised on appeal to the Court of Civil Appeals and is not mentioned in the motion for rehearing; therefore this court cannot consider the sufficiency or insufficiency of such plea.    G. H. & S. A. Ry. Co. v. Zantzinger, 92 Texas, 365; Ft. Worth & Rio Grande Ry. Co. v. Robertson, 103 Texas, 504; Link v. City of Houston, 94 Texas, 378; Scalfi & Co. v. State of Texas, 96 Texas, 559; Town of Jacksonville v. McCracken, 232 S. W., 294; Nabours v. McCord, 82 S. W., 153; Farmers Natl. Bank v. Templeton, 90 Texas, 503..

An agreement that a defendant, subscriber to the Texas Employers Insurance Association and holding a policy of insurance indemnifying it from loss under The Workmen's Compensation Act, "has complied with all of the requirements of the law relative to its employees" is entirely sufficient to dispense with allegation and proof that the notices required by law were given to the injured employee. O'Conner v. Towns, 1 Texas, 107; Trigg v. Moore, 10. Texas, 197; Cunningham v. Wheatley, 21 Texas, 184; Powers v. Caldwell, 25 Texas, 322; Hotel Dieu v. Armendariz, 167 S. W., 181; Railway Company v. Henzie, 82 Texas, 623; Erwin v. Hayden, 43 S. W., 610.

When questions of law are referred by the court of Civil Appeals directly to the Supreme Court for determination, in the first instance, the Supreme Court has no power to pass on any questions except those submitted, and cannot inquire into collateral questions which must be determined by the Court of Civil Appeals.    The Court of Civil Appeals did not request this court to decide whether or not there was a sufficient plea on behalf of defendant that it had given the notice required by law in order to claim the benefits of the Workmen's Compensation Act.    Darnell v. Lyon, 85 Texas, 455; G. H. & S. A. Ry. Co. v. Zantzinger, 92 Texas, 365; State v. Country Club 173 S. W., 570; Koy v. Schneider, 110 Texas, 369; Cleveland & Co. v. Carr, 98 Texas, 393; Waco Water & Light Co. v. Waco, 86 Texas, 663; Farmers' Natl. Bank v. Templeton, 90 Texas, 503.

Under our view of this case it is wholly immaterial whether there was any pleading in this case at all.    The pleadings may have been utterly defective but unless the Court of Civil Appeals inquired about them and unless they entertained doubt about the sufficiency

of the plea, this court would have no jurisdiction to answer any question relating to same.

*D. Estes, Homer Baughman,* and *Ocie Speer,* for appellee.

The verdict in this case does not find that plaintiff was an employe of the defendant within the meaning of the Workmen's Compensation Act of this state at the time he received the injuries sued for herein. Acts 1917, p. 270 and 291; Eason v. S. & E. T. Ry. Co., 65 Texas, 557; Hillstad v. Ind. Ins. Com., Am. & Eng. Ann. Cases, 1916-B, 790, 141 Pac., 913; Bloomington v. Board, 114 N. E., 517, L. R. A., 1916-A, Note p. 246; Workmen's Compensation Acts, (C. J. Pamph.) 47; 1 Honnold, Workmen's Comp., secs. 49-51; Varine v. Sargeant, 1 Hon. Work. Comp., sec. 49, note 22; Artenstein v. Emp. Liab. Ass'r Corp., 1 Hon. Work. Comp., sec. 51, note 42; Boyd Workmen's Comp., sec. 443.

Under the authority of Producers' Oil Co. v. Daniel, 244 S. W., 117, and Consummers Gas & F. Co. v. Erwin, 243 S. W., 500, it appears to be conclusively settled that the fact of notice by the employer to the employee must be proved to constitute a defense against common law liability, and it therefore necessarily follows that such fact must be alleged. There can be no contention whatever that this fact is anywhere alleged by either party in this case. So that, whatever conclusion this court may reach as to the sufficiency of the allegation that the plaintiff was an employee, the plea is yet fatally defective and insufficient for want of the material allegation as to the giving of notice by employer to employee required by the statute. A judgment cannot be sustained on an issue not raised by the pleadings even though supported by the evidence. It must be supported by both the pleadings and the proof. Texas Etc. Co. v. Richardson, 143 S. W., 722; Busch v. Braun, 162 S. W., 683; Osvald v. Williams, 169 S. W., 185.

MR. PRESIDING JUDGE GALLAGHER, delivered the opinion of the Commission of Appeals, Section A.

This case is before us on certified question submitted by the Honorable Court of Civil Appeals for the Second District. Roy Adair, a minor suing by his mother as next·friend, was plaintiff and George W. Armstrong Company, Inc., was defendant in the trial court and they will be so designated here.

The Honorable Court of Civil Appeals in its certificate makes the following statement of the substance of plaintiff's pleadings:—

"The defendant was engaged in the business already mentioned in a large building in which was installed machinery and appliances of divers kinds used for heating and rolling iron and steel into bolts and other products. There was a trough about six to eight inches

wide, about six to nine inches deep, and sixty to ninety feet long, open at both ends and at the top. Into this trough steel and iron rods were driven at a high rate of speed and while very hot, after they emerged from a series of rollers. The rods would then be lifted from the trough and placed into what is termed the "hot bed", tongs being used by the workmen for that purpose. By reason of the fact that the trough was open at the top, and by reason of certain obstructions in it, the rods, in passing rapidly down it, would occasionally "jump" out, thus rendering the place near the trough very dangerous to any one present. It was fascinating and attractive to visitors to the plant, especially minors, to watch the operations of the machinery and the iron and steel rods as they passed through the different processes of manufacture, and the defendant was in the habit of inviting the public to visit the plant to witness said operations.

On June 9, 1917, Roy Adair, by express invitation from Ed Capps, defendant's foreman, was a visitor in the building and while standing near the trough mentioned above, and while steel rods, at a high heat, were being run into it, one of the rods "jumped" out and ran through the calf of his leg and severely burned other parts of his body also. On numerous occasions prior to his injury Adair had visited the plant in search of employment from the defendant, and its general foreman, Ed Capps, had on each occasion told him that he could probably receive such employment in the future, and on each occasion invited and requested him to return again for a decision of the foreman upon that question; and in obedience to that invitation and request Adair was present in the building at the time he was injured. Adair was ignorant of the dangers to which he was exposed and the foreman knew of such lack of knowledge on his part and failed to warn him thereof, and was guilty of negligence in thus exposing him to those dangers, which negligence was the proximate cause of his injuries. According to further allegations in plaintiff's petition, defendant was also guilty of negligence which was the proximate cause of such injuries in maintaining the trough constructed in such a manner as to allow the rods to "jump" therefrom while being run into it. Damage for the injuries in the sum of $15,000 were claimed."

The certificate further shows that the defendant pleaded general denial and other special pleas including contributory negligence, and that after plaintiff had testified in the case with reference to interviews with defendant's foreman and how he, plaintiff, happened to be at said plant and the particular kind of work he was doing at the time he was injured, defendant filed the following trial amendment:

"Now comes the defendant in the above numbered and entitled cause, leave of the Court first having been had and granted, files this its trial amendment and in addition to all other matters pleaded

by this defendant in its other pleadings heretofore filed shows to the court that at the time of the injury of Roy Adair, as alleged by plaintiff, and as shown by the proof, that this defendant was a subscriber to what is known as the Texas Employers' Insurance Association and that at the time of said injuries this defendant had obtained from Southern Surety Company a policy indemnifying this defendant against any loss by reason of any liability imposed upon it by law for damages on account of any injuries or death received by any of the employees of this defendant. And that under the testimony of Roy Adair it appears therefrom that at the time the said Roy Adair was injured he was an employee of this defendant and suffered such injuries in the course of his employment and that under the law Section 3 of Chapter 179 General Laws of the 33rd Legislature, this plaintiff nor Roy Adair can not recover against this defendant but their cause of action, if any, lies against the Texas Employers' Insurance Association or the Southern Surety Company or some other association other than this defendant for compensation. That a copy of the insurance policy held by this defendant at the time of said injury is hereto attached and made a part hereof.''

The certificate sets out the special issues submitted and the answers of the jury thereto in full. The substance of said findings of the jury is as follows:—

''That plaintiff was upon the premises of defendant at the time of his injury upon the invitation and with the permission of the foreman; that the place was dangerous for persons of his age, intelligence and experience, and defendant knew, or ought, in the exercise of ordinary care, to have known such fact; that defendant failed to warn him of the danger and that such failure was negligence; that defendant's foreman in the exercise of ordinary care ought to have anticipated that plaintiff might receive injury by reason of his failure to warn him and that such negligent failure was the proximate cause of plaintiff's injuries.''

''That plaintiff applied to Capps, defendant's foreman, for work prior to the time he was injured; that Capps told him to return to see him, that he would put him to work as soon as he could; that plaintiff returned to the plant and had a conversation with Capps on the day he was injured and before his injuries; that Capps told him ''I will put you to work Monday, go and familiarize yourself with the work so you will not be a green hand;'' that plaintiff was working and familiarizing himself with the work at the time he was injured; that Capps knew the character of the work he was doing at the time he was injured; that he was acting upon the direction given him by Capps; that no one warned him of the danger incident to the work he was doing and that such danger was not patent, open and obvious; that it was not customary to pay for such

work under such circumstances, and that plaintiff would not have
received anything for such work; that he did not fail to exercise
ordinary care for his own safety; and that plaintiff was damaged
in the sum of $15,000 as a consequence of his injuries.''

The certificate further shows that the trial court rendered judg-
ment on said findings of the jury in favor of plaintiff against the
defendant for the sum of $15,000.00. The defendant appealed. The
Court of Civil Appeals reversed the judgment of the trial court on
the ground that the verdict of the jury imported a finding in legal
effect that at the time of his injury plaintiff was an employee of the
defendant within the meaning of the Workmen's Compensation Act,
and rendered judgment in favor of the defendant. The certificate
further shows that neither party challenged any of said findings
of fact as unsupported by the evidence; the only controversy being
whether or not said findings sustained the plea urged by defendant
that it was exempt from liability by virtue of the provisions of the
Workmen's Compensation Act.

Pending a motion for rehearing, the Honorable Court of Civil
Appeals certified, upon the above statement, the following questions:

"(1) Did we err in our conclusion that the legal effect of the
verdict of the jury was to sustain the defense based upon the pro-
visions of the Workmen's Compensation Act.''

''|2) Did the trial court err in rendering judgment in plain-
tiff's favor upon the findings by the jury?''

The whole record in the case has been filed with the certificate but
is not referred to nor made a part thereof. While we have examined
the record we have reached the conclusion that the proper considera-
tion of the issues presented by the questions certified does not re-
quire us to look beyond the statement of the case as contained in the
certificate of the Court of Civil Appeals. It must be presumed that
such statement ordinarily embodies the essential facts upon which
the questions are predicated. Moore v. State, 107 Texas, 490, 493,
181 S. W., 438. We do not mean to intimate that our conclusions
would have been different if we had considered the entire record.

Plaintiff did not allege the existence of the relation of master and
servant between defendant and himself. None of his allegations sup-
port even an inference of the existence of such relation. He did not
seek recovery in this case on the ground of the breach of any duty
owed by defendant to him as an employee. He predicated his action
upon the theory that he, as a member of the general public, was upon
defendant's premises not only with its permission but upon its ex-
press invitation; that said premises were especially attractive and
dangerous to one of his age, intelligence and experience; that defend-
ant knew or ought to have known such facts and ought, in the exer-
cise of ordinary care, to have warned him of such danger; that it
failed to give him any warning whatever and in so failing was

guilty of negligence which was the proximate cause of his injuries. This theory of the case was submitted to the jury and sustained by their findings set out above.

When one owning or controlling dangerous premises, whether such danger arises from inherent defects therein or from the operation of dangerous machinery thereon, invites another, especially a minor, to enter and remain upon such premises, a lawful relation is thereby established and the law imposes upon him the duty of using ordinary care to avoid injuring such person. San Antonio & Aransas Pass Ry. Co. v. Morgan, 92 Texas, 98, 102-3, 46 S. W., 28; Gulf, Texas & Western Railway Company v. Dickey, 108 Texas, 126, 129, 187 S. W., 184; 1 Thompson on Negligence, sec. 993, and authorities there cited. Ordinary care may require the giving of such warning as is reasonably calculated under the circumstances to keep such person from harm. 1 Thompson on Negligence, sec. 993.

Plaintiff's case is not based on the duty of the master to furnish the servant safe machinery and a safe place to work, as contended by defendant, and his pleadings and the findings of the jury in direct response thereto are sufficient to sustain the judgment recovered by him.

There is no claim that the findings of the jury relied on by defendant in support of its contentions in this case show the existence of an express contract of hire at the time plaintiff was injured. On the contrary, the jury found that defendant, acting by its foreman, promised to put plaintiff to work on the following Monday. The jury merely found that the foreman instructed plaintiff to go and familiarize himself with the work so he would not be a green hand; that (in carrying out this rather vague direction of the foreman), plaintiff was working and said foreman knew he was doing so at the time he sustained the injuries complained of; that it was not defendant's custom to pay for such services and that plaintiff would not have been paid therefor. If the relation of master and servant existed at the time between defendant and plaintiff by virtue of any contract or hire as required by the Workmen's Compensation Act, (General Laws, 1917, p. 291) such contract must be inferred from the facts so found by the jury. Whether the existence of a contract of hire is a necessary inference from such facts, we do not think it necessary to decide. Even if such contract should be implied from said findings it would not necessarily defeat plaintiff's recovery unless defendant had so complied with the provisions of the Workmens' Compensation Act as to exempt it from liability for damages for personal injuries suffered by its employees in the course of their employment. The jury found that defendant failed to warn plaintiff of the danger and that such failure was negligence. No other ground of negligence was submitted to the jury or found by them.

If it was the duty of defendant to warn the plaintiff of the unknown and unappreciated dangers attending his position at the time, it was immaterial whether such duty arose because he was an invitee or because he was an employee. It was the duty in either event and the measure of care required to avoid injuring plaintiff as an invitee was not greater than the care required to avoid injuring him as an employee. Unless defendant is exempted from liability by a sufficient compliance with the provisions of said act, plaintiff's recovery on a cause of action duly pleaded and supported by verdict, should not be defeated even though it should appear that he might have alleged and proved another cause of action technically different therefrom but based on the same state of facts.

Section 3 of Part I of Chapter 179 of the Acts of 1913, known as the original Workmen's Compensation Act of this State provided that employees of a subscriber should have no right of action against their employer for damages for personal injuries, and Section 20 of Part III thereof provided that every subscriber after receiving a policy should give notice in writing or print to all persons with whom he was about to enter into a contract of hire that he had provided for payment of compensation for injuries by the Association. The Court of Civil Appeals for the First District, in construing these provisions of the Act, held that an employee of a subscriber who had a right to sue for damages for injuries received as the result of the negligence of his employer, was not deprived of such right unless and until such notice requirement was met by his employer. Batson-Milholme Co. v. Faulk, 209 S. W., 837, 841. Writ of error in this case was refused by the Supreme Court. 109 Texas, 480, 211 S. W., 972. The same holding was made by Section B of this Commission in the case of Poe v. Continental Oil & Cotton Co., 231 S. W., 717, 719. This court, in further construing said Act, held that personal service by the delivery of a written or printed copy of such notice to the employee was required. Producers Oil Company v. Daniels, 244 S. W., 117, 118.

The Workmen's Compensation Act was amended by Chapter 103 of the Acts of 1917. Section 3 of Part I of the prior Act remained unchanged in the Act as amended, but Section 20 of Part III thereof was amended so as to require every subscriber after receiving a policy to give notice in writing or in print, or in such manner or way as might be directed or approved by the Industrial Accident Board, to all persons with whom he was about to enter into a contract that he had provided for the payment of compensation for injuries by the Association. The provisions of this amended Act on the question of giving notice by the subscribing employer to his employee were considered by the Court of Civil Appeals for the Second District and that court held that the employee of a subscriber was not deprived

of his common law right of recovery unless such notice had been given to him, notwithstanding the provisions of Section 3-a of Part I of said amended Act requiring the employee to give notice to his employer that he claimed such common law right of action. Consumers' Gas & Fuel Company v. Erwin, 243 S. W., 500. The Supreme Court refused a writ of error in that case and later overruled an elaborate and insistent motion for rehearing of the application therefor.

The cause of action asserted by plaintiff in this case arose after said amended Act took effect. Defendant interposed as a defense to plaintiff's demand the plea set out above. Apparently based on said plea, the trial court submitted most of the issues found by the jury as shown by the second paragraph of the substance of their findings set out above. Said plea does not allege nor said findings show that the defendant, prior to plaintiff's injuries, gave him as its employee, in person, a notice in writing or print that it had provided for payment of compensation for injuries by the Association, nor that the Industrial Accident Board had prior thereto directed or approved some other manner or way of giving such notice and that it had given such notice in the manner or way so provided. Even if plaintiff was an employee of defendant within the meaning of said Act, to entitle it to exemption from common law liability to him for damages for injuries sustained by him in the course of his employment as the direct and proximate result of its negligence, it was required to allege and prove that it had complied with the requirements of said Act by giving him such notice. The plea presented contains no such allegation. No such finding was made by the jury. The facts alleged in such pleading and found by the jury in its verdict do not, of themselves, show that defendant was entitled to the exemption from liability so claimed, nor do they in themselves constitute a defense to plaintiff's demands. Consumers' Gas & Fuel Company v. Erwin, *supra,* and authorities there cited; Producers' Oil Company v. Daniels, *supra.*

The first question submitted in the certificate is embraced in the second question submitted therein, or so closely connected therewith as to make one answer applicable to both, and we answer the questions certified as follows:—

The facts found by the jury in their verdict were not sufficient in themselves to constitute a defense under the provisions of the Workmens' Compensation Act and the trial court did not err in rendering judgment in plaintiff's favor upon said findings of the jury.

### BY THE SUPREME COURT.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.