ANTHONY SARACENI, an Infant, by His Guardian ad Litem, SALVATORE SARACENI, Respondent-Appellant, v. THE MOUNT VERNON TRUST COMPANY, Appellant-Respondent.— Action for personal injuries sustained by an infant who fell from a ladder which was part of the fire escape in the rear of defendant's apartment house where plaintiff resided. The ladder was suspended from an iron balcony opposite a second story window and reached a point about three feet from the surface of the yard. The infant had been playing in the yard and climbed the

ladder. When descending, his foot slipped on a bent rung, the ladder swayed, and he fell to the yard. Judgment reversed on the law and complaint dismissed, with costs. The maintenance of the ladder did not create a dangerous condition. Even if defendant knew that children were accustomed to play in the yard and climb the ladder, it cannot be said that in the exercise of reasonable care it should have anticipated the ladder would be dangerous to the children. *Sarapin* v. *S. & S. Corrugated Paper Machinery Co., Inc.* (209 App. Div. 377) is readily distinguished. There the defendant, which owned a factory back of the yard of the tenement house where the plaintiff resided, placed two large discarded and dangerous machines in the yard where plaintiff and other children played. Defendant was notified of the danger to the children and requested to remove the machines, but failed to do so. Appeal by plaintiff on the ground that the verdict is inadequate dismissed, without costs. Young, Carswell, Davis and Johnston, JJ., concur; Hagarty, J., dissents and votes to affirm, with the following memorandum: The infant plaintiff, aged ten years, was a tenant in the defendant's apartment house. From the fire escape balcony in the rear, opposite a second story window, an iron ladder was suspended to a point approximately three feet above the ground. The yard was freely used by children, including the plaintiff, as a playground, and the ladder was permitted by defendant to be utilized by them in their play. It was defective in that two of the rungs were badly bent and that it was insecurely fastened and swayed away from the wall as well as back and forth. The proof is that the customary way of attaching such a ladder is to have it out of harm's way by suspension between guides between the first and second balconies. Under these circumstances, I am of opinion that a question of fact was presented for the jury. The jury necessarily found that the infant was an invitee in the yard and that defendant should have anticipated the danger presented by this defective ladder which it left dangling within easy access of plaintiff and other children. (*Jaked* v. *Board of Education*, 198 App. Div. 113; affd., without opinion, 234 N. Y. 591; *Dorsey* v. *Chautauqua Institution*, 203 App. Div. 251; *Sarapin* v. *S. & S. Corrugated Paper Machinery Co., Inc.*, 209 id. 377; *Schmidt* v. *Cook*, 4 Misc. 85; 12 id. 449.) In *Kelly* v. *Smith* (29 App. Div. 346) there was no proof that the fall was occasioned by any defect in the ladder nor that defendant placed it in the position in which it was at the time of the accident. The claim of the defendant that it was not required to place the ladder in any particular position under the ordinance of the city of Mount Vernon, which provides that "A drop ladder shall be provided from the lowest balcony of sufficient length to reach to a safe landing place beneath," is without merit. The ordinance concerned itself solely with the element of fire hazard and is without application. The plaintiff's claim here involves not only the position of the ladder, rendering it easily accessible to children, but patent defects in it. (*McGettigan* v. *N. Y. C. R. R. Co.*, 268 N. Y. 66.) I am of opinion, however, that there is no merit to the plaintiff's appeal from the judgment on the ground of inadequacy, as the jury may properly have found that the fall merely aggravated an existing condition in view of the proof presented by plaintiff of defective eyesight prior to the accident.