MERRIAM, A MINOR, APPELLANT, *v.* BONDED OIL CO., APPELLEE.

(No. 4100—Decided May 28, 1945.)

Mr. *J. W. Starritt*, for appellant.
Messrs. *Welles, Kelsey, Cobourn & Harrington*, for appellee.

CARPENTER, J. From a judgment entered upon a verdict directed against this child-plaintiff at the close of her evidence, she took this appeal on questions of law. The principal assignment of error is the direction of the verdict.

It is undisputed that on July 29, 1944, the defendant, Bonded Oil Company, operated a gasoline and oil service station in Toledo on Detroit avenue at the corner of Horace street. As a part of its equipment, there were on its premises two concrete-lined pits about seven feet deep with a coping six inches above the surface which was painted white. These were used in greasing automobiles. It also had a soft drink stand, and on that day plaintiff, Audry Ann Merriam, six years of age, came there and purchased a bottle of soda pop, and, while there, played about the pits and fell into one, sustaining some injuries for which she seeks damages.

The residence of plaintiff fronted on Horace street adjacent to the rear of defendant's premises. In going to the pop stand from Horace street, plaintiff had to pass within two or three feet of the front end of the pits, and no covers, barriers or other warnings of danger were maintained at them. The evidence tended to prove that plaintiff and other children from the neighborhood were accustomed to go there to buy pop, and, at times, played about the premises.

It is conceded by defendant that plaintiff entered upon defendant's place of business as an invitee to purchase its pop, and that as such customer it owed to her the duty to use ordinary care for her safety. Such is the rule stated in *Cincinnati Base Ball Club Co.* v. *Eno,* 112 Ohio St., 175, 147 N. E., 86, paragraph one of the syllabus:

"One who expressly or by implication invites others to come upon his premises must exercise ordinary care

to guard them against danger, and to that end he must exercise ordinary care to render the premises reasonably safe for the invitees.''

However, the defendant contends further that when plaintiff went about the pits, which was unnecessary in her mission to purchase and drink pop, she was no longer an invitee but became a mere licensee or a trespasser, and its only duty was not to wilfully or wantonly cause her injury.

It is recognized that the attractive nuisance or turntable doctrine does not apply in Ohio. *Wheeling & L. E. Rd. Co.* v. *Harvey,* 77 Ohio St., 235, 83 N. E., 66, 122 Am. St. Rep., 503, 19 L. R. A. (N. S.), 1136; *Sharp Realty Co.* v. *Forsha,* 122 Ohio St., 368, 171 N. E., 598.

And in *Hannan, Admr.,* v. *Ehrlich,* 102 Ohio St., 176, 131 N. E., 504, the ''playground doctrine,'' recognized in some jurisdictions, was rejected for Ohio. That was followed in the recent decision of *Carter* v. *Penn. Rd. Co.,* 75 Ohio App., 156, 61 N. E. (2d), 230.

In both the ''turntable'' and ''playground'' cases, the injured children came upon the premises in question as licensees or trespassers.

The status of the plaintiff in the case at bar differs from that of the child-plaintiff in each of those decisions in that she came upon the defendant's premises as an invitee, and as such it owed her the duty of ordinary care. The trial court must have concluded, as a matter of law, that when she fell into the pit she had become a licensee or trespasser. No decisions by an Ohio court dealing with a state of facts like this has come to the attention of this court. It has had consideration in many other jurisdictions.

In *Crane* v. *Smith,* 23 Cal. (2d), 288, 144 P. (2d), 356, a small child came into defendant's store with its mother, a customer, and was injured by getting her hand in a coffee grinder. It was there contended that the child became a trespasser when it put its hand in the

grinder. In sustaining the recovery, the court said the child was an "invitee" or "business visitor" and that "where the proprietor invites children upon the premises, he has a duty to keep his property reasonably safe so far as they are concerned. * * * The known characteristics of children, including their childish propensities to intermeddle, must be taken into consideration in determining whether ordinary care for the safety of a child has been exercised under particular circumstances."

In the opinion, there are cited many similar decisions in the courts of California and Missouri, including *Hillerbrand* v. *May Mercantile Co.*, 141 Mo. App., 122, 121 S. W., 326, which was followed in *Kemp* v. *Doe Run Lead Co.* (Missouri), 57 S. W. (2d), 758.

That principle was applied in: *Armstrong Co.* v. *Adair,* 112 Tex., 439, 247 S. W., 848; *Grogan* v. *O'-Keeffe's Inc.*, 267 Mass., 189, 166 N. E., 721; *Walec* v. *Jersey State Electric Co.*, 125 N. J. Law, 90, 13 A. (2d), 301; *Burdine's* v. *McConnell*, 146 Fla., 512, 1 So. (2d), 462; *Dorsey* v. *Chautauqua Inst.*, 203 App. Div., 251, 196 N. Y. Supp., 798.

On the record as it stood at the close of the plaintiff's evidence, jury questions were presented as to the status of the plaintiff, and as to the liability of the defendant for her injuries. The court erred when it directed a verdict, and the judgment entered thereon is reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded.*

STUART and CONN, JJ., concur.