## EL PASO ELECTRIC CO. v. SAWYER.
### (No. 980–4830.)

Commission of Appeals of Texas, Section A. Oct. 5, 1927.

1. **Master and servant** ⟨⟩356—**Neither contributory negligence nor negligence of fellow employee constitute defense in action for death of employee (Rev. St. 1925, art. 8306).**

Under Rev. St. 1925, art. 8306, neither contributory negligence nor negligence of fellow employee constitute defense in action for death of employee through alleged negligence of employer and fellow employee.

2. **Trial** ⟨⟩350(7)—**Alleged negligent acts of employee held no defense, in action for his death, and refusal to submit issue thereof held proper.**

In action for death of employee alleged to have been proximately caused by defendant's negligence, defendant's allegations and answer that negligent acts of deceased proximately caused his death, constituted no defense, and refusal to submit issue as to such negligent acts was proper.

Error to Court of Civil Appeals of Eighth Supreme Judicial District.

Action by Ethel Sawyer against the El Paso Electric Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (291 S. W. 667), and the defendant brings error. Judgments of both courts affirmed.

Goggin, Hunter & Brown, of El Paso, for plaintiff in error.

Lea, McGrady, Thomason & Edwards, of El Paso, for defendant in error.

BISHOP, J. [1] This is a suit by plaintiff, Ethel Sawyer, defendant in error, to recover damages for the death of Arthur P. Sawyer, an employee of defendant, plaintiff in error, who received an injury resulting in his death in the course of his employment. In her petition she alleged that Sawyer's death was proximately caused by specific acts of negligence of defendant and a fellow employee. Defendant answered by general denial, and also alleged that Sawyer's death was proximately caused by his own specific acts of negligence. Under the provisions of article 8306, R. C. S. 1925, neither contributory negligence nor negligence of a fellow employee constitutes a defense to the cause of action asserted by plaintiff. The trial court submitted special issues as to whether the specific acts of negligence alleged by plaintiff proximately caused the death of Sawyer, but refused to submit requested issues as to whether Sawyer's death was proximately caused by the specific acts of negligence alleged by defendant.

The verdict of the jury on all issues submitted was favorable to plaintiff, and judgment was rendered and entered awarding her damages. This judgment was by the Court of Civil Appeals affirmed. 291 S. W. 667.

[2] Defendant here insists that the specific acts of negligence alleged by it in its answer constituted affirmative defense to the cause of action asserted in the petition, and that the trial court erred in refusing to submit to the jury the issue as to whether such negligence on the part of deceased was the proximate cause of his death.

Plaintiff's cause of action is based on acts of negligence alleged to be the proximate cause of Sawyer's death. If these allegations are true and state the facts as they exist, contributory negligence being no defense, the allegations contained in the answer that the negligent acts of deceased proximately caused his death constitute no defense. His death having been proximately caused by negligence of defendant, it becomes immaterial whether his acts proximately caused his death or whether

he was negligent in performing such acts. If, on the other hand, the defendant was not negligent, as alleged, or if its negligence was not the proximate cause of Sawyer's death, the allegations that deceased's death was proximately caused by his own acts of negligence are superfluous and unnecessary. They could constitute no defense if no defense was necessary.

Had the evidence shown that the deceased's acts alleged by defendant to be negligent were the sole proximate cause of his death, such showing would have been affirmative proof that the facts constituting plaintiff's cause of action were untrue. This issue as to one of the acts alleged was submitted by the trial court and answered in the negative. However, proof that deceased's acts were negligent and proximate cause of his death was not. a showing that the negligent acts of defendant and its employee were not also proximate cause of his death. The special issues requested were not material to any defense that plaintiff in error could have, and, had they been submitted and answered in the affirmative by the jury, would not have constituted a defense to plaintiff's cause of action.

We recommend that the judgments of both courts be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.