## REEVES v. LITTLEPAGE.
### No. 2461.

Court of Civil Appeals of Texas. Beaumont. Feb. 1, 1934.

T. M. Jordan, of Kountze, for appellant.

R. M. Briggs, of Kountze, for appellee.

O'QUINN, Justice.

Appellee sued appellant in the county court of Hardin county to recover on a promissory note in the sum of $270. The note was executed January 20, 1928, by appellant, payable to the order of appellee thirty days after date, bearing interest at the rate of 10 per cent. per annum, and contained the usual 10 per cent. attorney's fee clause.

The suit was filed February 18, 1932, and was tried to the court without a jury, and resulted in a judgment for appellee in the sum of $377.66. Motion for a new trial was overruled, and the case is before us on appeal.

Appellant presents his first and second assignments of error together. They read:

"First. Because the judgment of the court is contrary to the law.

"Second. Because there is no basis, either upon the testimony of the plaintiff or of the defendant, for the judgment entered by this Honorable Court."

As presented, combined, in his brief, it reads:

"Because the judgment of the court is contrary to the law and the evidence in this, there was not sufficient evidence introduced by plaintiff to remove the overwhelming weight of the evidence of the defendant."

■ The execution of the note, at the time, and for the sum alleged by appellee, was not

disputed. The dispute came over the amounts appellant claimed he had paid. It was admitted and the note showed that the interest on the note had been paid to May 20, 1929. Appellant contended that he had made certain payments not shown upon the note. He had no receipts, but testified that no receipts were required; that appellee promised to credit the payments on the note, and had not done so. Appellant testified, and offered other evidence to prove, that he had made one payment of $75 and another of $85 on the note for which he had no credit and which should have been credited upon the note. Appellee positively denied that either of such payments had been made. Whether they had was a question of fact for the court, and, after hearing all the evidence, he held with appellee and rendered judgment accordingly, and there is sufficient evidence to support the judgment.

■ Appellant's third assignment complains that the court erred in overruling his motion for a new trial. Omitting formal parts, the motion reads:

"Now comes J. C. Reeves, defendant in the above entitled and numbered cause, and with leave of the court first had, files this his first amended motion for a new trial in lieu of his original motion for new trial filed herein on the 16th of August, 1932, and moves the court to set aside the judgment of the court rendered herein on the 15th day of August, 1932, for the following reasons, to-wit:

"First. Because the judgment of the court is contrary to law.

"Second. Because there is no basis, either upon the testimony of the plaintiff or of the defendant, for the judgment entered by this Honorable Court.

"Third. Because, since the trial of this case, and after judgment was entered, defendant has discovered two new and material witnesses, whom he could not, and with due diligence did not, discover before said judgment was entered, namely, Leo Page and Robert Wilson, all residents of Hardin County, Texas. That both of said witnesses were present at the time this defendant paid plaintiff $75.00 on the note sued upon in this case and heard plaintiff tell defendant that he would give defendant credit for said sum upon his note; that both of said witnesses will be present and will so testify upon another trial.

"Fourth. Because, one of the defendant's principal witnesses, Mrs. W. M. Pope, was seriously ill at the time of the trial of this cause, and though subpoenaed, could not attend court as a witness; that she was too ill to talk, and defendant was thereby prevented from taking her depositions. That said witness was present at the time defendant paid the sum of $85.00 to plaintiff upon the note sued upon herein, and that she heard plaintiff tell defendant that he would apply it upon said note; that said witness will be present and so testify upon another trial. That said testimony is very material to defendant's defense, and he verily believes that with said testimony a different judgment will be rendered upon another trial.

"That Burt Graves was subpoenaed for the trial of the case and could not be found but he is now available and will be present at court upon another trial and will testify that he delivered to J. C. Reeves, defendant, Two Hundred and Fifty ($250.00) Dollars at Tyrrell Hotel in Silsbee, Texas, in the presence of J. W. Whiddon and Mrs. W. M. Pope, this being the time and place where the Eighty Five ($85.00) Dollars was paid as testified in the former trial.

"Wherefore, defendant prays the court that the judgment of the court be set aside and that a new trial be granted herein."

The motion was duly verified.

The record discloses that this case was called for trial at the May term, 1932, of the court, and appellant filed a motion for a continuance or postponement of the cause, and, among other grounds, because the witness Mrs. W. M. Pope was then sick and unable to attend court, and that, if she were present, she would testify "that she was present at Silsbee on one occasion and saw the defendant J. C. Reeves pay to plaintiff, F. M. Littlepage, some money to apply on the note now in controversy." The case was evidently continued, for it was again called at the ensuing August term of the court, on August 15, 1932, and then tried. At that time appellant made no motion, either to continue or to postpone, but announced ready for trial. He must have known that this witness was not present, and, so far as the record shows made no effort to have the witness present.

Also, appellant announced ready for trial, and the record is silent as to any effort to have the witness Graves present, though appellant says he had been summoned. As to these witnesses, Pope and Graves, appellant shows no diligence to have them in attendance, but to the contrary announced ready and tried the case without them.

■ On the hearing of the motion for a new trial, appellant offered the testimony of one Grady Tarver as being material to

his defense, and which would be available at another trial. The motion for a new trial in no way mentions this witness. There is nothing to show that he had been subpœnaed as a witness and had failed to be present, or that he was wanted as a witness. Furthermore, his testimony, as given on the hearing of the motion, has no bearing, even remotely, as to the making by appellant of any payment on the note.

The affidavit of Claude Gore to the effect that about February 1, 1931, he saw appellant "pay Mr. Littlepage some money. It was quite a sum, but I don't know how much. I heard Mr. Littlepage say 'I will give you credit for this on your note.' This is all I know." A careful search of the motion fails to disclose the name of Gore. Though apparently known to appellant, he had not been subpœnaed as a witness, nor is there any explanation why he was not, nor as to when or how appellant discovered that Gore had any knowledge or would testify as to the payment of money by appellant to appellee. This suit had been pending from February 18, 1932, till August 15, 1932, and no effort made to have the witness present. No diligence is shown.

Appellant's motion urges that he should have a new trial because he says that since the trial he has discovered two new witnesses, Leo Page and Robert Wilson, whom, by the exercise of due diligence he alleges he could not have discovered before the trial. He alleges that each of said witnesses was present in Silsbee and saw appellant pay to appellee the sum of $75 to apply on the note in question and heard appellee say that he would give appellant credit on the note for said sum, and that each of said witnesses would so testify on another trial. There is no allegation of anything done by appellant to discover said witnesses, nor of any effort to have them present at the trial, although appellant says they were present with him and saw him pay the money to appellee and heard appellee promise to credit the payment on the note. There is no allegation that appellant was not personally acquainted with the witnesses, or that he did not know where they resided. So we think it should be presumed, on the strength of his allegations in his motion, that he personally knew both of said witnesses and the place of their residence. No excuse is shown for not having discovered these witnesses before the trial. The mere allegation that "defendant has discovered two new and material witnesses, whom he could not, and with due diligence,

did not discover before said judgment was entered," is not sufficient. The diligence, if any, exercised should have been set out so that the court could have judged of its sufficiency. The statement of diligence in the motion was but the conclusion of the pleader. Furthermore, no affidavits of said witnesses were attached to the motion to show what they would testify, nor were they at court to testify on the hearing of the motion. It was within the sound discretion of the court to grant or refuse the motion, and no abuse of this discretion is shown in his refusing same.

The judgment should be affirmed, and it is so ordered.

Affirmed.