## SMITH v. GREAT ALTANTIC & PACIFIC TEA CO.

### No. 1600.

Court of Civil Appeals of Texas. Eastland.

Dec. 4, 1936.

Rehearing Denied Jan. 15, 1937.

Frank S. Roberts, of Breckenridge, for appellant.

Touchstone, Wight, Gormley & Price, of Dallas, and D. T. Bowles, of Breckenridge, for appellee.

GRISSOM, Justice.

Appellant sued appellee for damages alleged to have been caused by the negligence of appellee's store manager in permitting oil to accumulate on the floor of its store. Appellant was a clerk in appellee's store. He alleged and testified, in substance, that in obedience to the orders of appellee's manager he was lifting a package of groceries for one of appellee's customers, and that while so engaged he slipped in the oil on the floor and was thereby caused to fall, from which fall he suffered serious injuries. The jury found that plaintiff's injury was the result of an unavoidable accident. Upon such finding, the court rendered judgment for appellee, from which judgment appellant appealed.

Appellant contends that the finding of the jury that appellant's injury was the result of an unavoidable accident is without support in the evidence and is so against the overwhelming weight of the evidence as to be manifestly wrong. He further contends that such issue was not raised either by the pleadings or the evi-

dence. The case was tried by appellant on the theory that his injury was occasioned by slipping in a pool of oil which had accumulated on the store floor. The appellee's theory, however, was that appellant merely strained his back lifting a box of groceries, and that the testimony of appellant's witnesses relative to the oil was false. The accident is alleged to have happened about December 1, 1933. The suit was filed the 19th day of October, 1934. It was tried May 22, 1935. The appellee introduced evidence showing, in substance, that appellant reported the accident to appellee's assistant superintendent soon after the accident, and reported that he had hurt himself by lifting a box and straining his back; that nothing was said with reference to slipping in oil on the floor; that plaintiff made a written report of the accident stating that he became unbalanced while lifting some groceries and strained his back. Dr. McGuire testified that he examined appellant; that appellant gave him a history of how he sustained his injury; and that he stated in lifting some groceries he strained his back. On none of these occasions was any claim made by the appellant that his fall was occasioned by slipping in oil. There was evidence that the store manager, who was the father of appellant, reported the accident and made no mention of or claim that his son had slipped in oil.

█ Under this situation we believe it was an issue for the jury to decide whether the plaintiff slipped in a pool of oil, or whether he merely became unbalanced while lifting a box of groceries. If appellant's report as to how the injury occurred, that is, that it was sustained by appellant becoming unbalanced while lifting a box of groceries, was believed by the jury, and his testimony on the trial, that his injury was occasioned by slipping in oil while lifting the groceries, was disbelieved, the jury was justified in finding as it did that appellant's injury resulted from an unavoidable accident. In other words, we are of the opinion that the jury had the right to believe from the testimony that appellant over a long period of time stated, in substance, that his injury was occasioned by becoming unbalanced while lifting a box of groceries, and that this was a true statement of the cause of the accident, and had the right to disbelieve his testimony upon the trial of the case that his fall and resulting injury was occasioned by slipping in oil.

█ Under such condition the evidence justified the submission of the issue of unavoidable accident. If the jury believed, as reported by the appellant, according to the testimony of appellee's witnesses, that the injury was sustained merely by becoming unbalanced while lifting some groceries, which, according to appellant, weighed about 70 pounds, it had the right to conclude that such injury did not result from the negligence of any one, but was one of those unexpected happenings that did not involve fault on the part of either party to the lawsuit. We understand appellant to contend that the issue should not have been submitted because not pleaded by the appellee. Appellee's general denial was a sufficient pleading upon which to base the submission of the issue of unavoidable accident. Rosenthal Dry Goods Co. v. Hillebrandt (Tex.Com.App.) 7 S.W. (2d) 521.

There was no objection to the submission of the issue. We conclude that the pleadings and evidence were sufficient to authorize the submission of the issue of unavoidable accident and the answer of the jury to said issue.

Appellant alleged that appellee had in its employment more than three employees; that it owed its employees the duty of carrying workmen's compensation insurance, but had failed to do so; that appellee was for that reason precluded from pleading as a defense contributory negligence, negligence of a fellow employee, or that appellant had assumed the risk of the injury incident to his employment. Appellee's special exception to such pleadings was sustained, and such action by the trial court is assigned as error.

█ Appellee had not pleaded either of the defenses of contributory negligence, negligence of a fellow employee, or assumption of risk, which defenses are denied an employer eligible to become a subscriber, but who has failed to do so. Article 8306, § 1 (Vernon's Ann.Civ.St.). Under such situation we are of the opinion that the action of the trial court was correct. If appellee had pleaded any or all of such defenses, then it would have been material for appellant to have shown that facts existed making the Workmen's Compensation Law available to appellee, but that it had not complied therewith and was therefore by law denied such asserted defenses. Appellee not having pleaded such defenses, it was certainly not incumbent

upon the appellant to allege that appellee was subject to the terms of said law, but had not become a subscriber. Appellant should not have been permitted to plead that appellee was deprived by law of certain defenses which appellee in fact had not attempted to plead, thereby anticipating a possible defensive plea not asserted. The defenses of assumed risk, contributory negligence, and negligence of a fellow employee are essentially defensive issues, which must be pleaded by a defendant before it can take advantage thereof. Dunaway v. Austin St. Ry. Co. et al. (Tex.Civ. App.) 195 S.W. 1157, 1160 (writ ref.); 71 C.J. § 1519, p. 1500, 1501; Pullman Co. v. Ransaw (Tex.Com.App.) 254 S.W. 763, affirming Id. (Tex.Civ.App.) 203 S.W. 122; Breckenridge Ice & Cold Storage Co.· v. Hutchens (Tex.Civ.App.) 260 S.W. 684; Wilson Hydraulic Casing Pulling Mach. Co. v. James (Tex.Civ.App.) 271 S.W. 424; Lerer v. Raines (Tex.Civ.App.) 27 S.W. (2d) 621; Ry. Express Agency v. Bannister (Tex.Civ.App.) 46 S.W.(2d) 372; Great West Mill & Elevator Co. v. Hess (Tex.Civ.App.) 281 S.W. 234; El Paso Elec. Co. v. Sawyer (Tex.Com.App.) 298 S.W. 267; West Lumber Co. v. Smith (Tex.Com.App.) 292 S.W. 1103; Armstrong Co. v. Adair, 112 Tex. 439, 247 S.W. 848; 33 Tex.Jur. § 41, p. 458.

Where a defendant is subject to the provisions of the Workmen's Compensation Law, but not a subscriber, it is necessary for the plaintiff to allege and prove the negligence of such employer or its agent, etc., within the scope of his employment, but it is not incumbent on the plaintiff to negative the defenses available to one not subject to the law. Article 8306, § 1, subd. 4; Ry. Express Agency v. Bannister, supra; El Paso Elec. Co. v. Sawyer, supra.

The appellant's motion for a new trial, based on newly discovered evidence, was overruled, and such action is assigned as error. Appellant attached to his motion for new trial the affidavit of R. M. Whittaker, which was, in substance, that he was an employee of appellee, but was absent on the day of appellant's injury, but worked the following day; that on the day following the accident the witness "noticed the place where I. G. Smith had slipped on the oil. I noticed that the place had oil over by the patrons' waiting benches, that under one of these benches was oil on the floor where Smith fell." Affiant stated that "No one with the plaintiff's side of this suit talked with me with reference to my knowledge of the oil on the floor until yesterday, June 26, 1935, and it was then that I. G. Smith ascertained the above information."

It is apparent that some of the statements of said witness are hearsay. The granting or refusing of a motion for a new trial based on newly discovered evidence rests largely within the discretion of the trial court. Alford v. Cole (Tex.Civ. App.) 65 S.W.(2d) 813; Reeves v. Littlepage (Tex.Civ.App.) 67 S.W.(2d) 1050; Tabet v. Kaufman (Tex.Civ.App.) 67 S.W. (2d) 1072; Allen v. Texas & N. O. Ry. Co. (Tex.Civ.App.) 70 S.W.(2d) 758. The evidence, if admissible was cumulative. It was cumulative of the testimony of appellant's father and the witness Bean. We think further that the trial court had the right to overrule the motion for a continuance based on the newly discovered evidence, because it was not conclusively shown that appellant had exercised due diligence in an attempt to ascertain the facts and obtain the testimony of the absent witness. The affidavit discloses that the absent witness was a clerk in the store with appellant, and that he was absent on the day appellant sustained his injury. Appellant knew these facts. If the absent witness returned to work the day following the accident and discovered oil on the floor, or had an opportunity to do so, his father and Mr. Bean, both appellant's witnesses, knew this fact, and by the exercise of reasonable diligence appellant certainly could have learned what the witness knew during the great length of time that intervened between the accident and the date of the trial. Martin v. De la Garza (Tex.Civ. App.) 38 S.W.(2d) 157.

It further appears that the newly discovered evidence was first alleged in an amended motion for new trial, filed June 28, 1935. The judgment herein was entered on May 24, 1935. The motion was overruled June 28, 1935. The term of court expired June 29, 1935. The Supreme Court of Texas in Texas & N. O. Ry. Co. v. Scarborough, 101 Tex. 436, 108 S.W. 804, 806, in an opinion by Chief Justice Gaines, held, under a similar situation, that due diligence had not been exercised. The court said: "Now, let us suppose that the amended motion for a new trial had been filed but a short time before the court adjourned, and before it would have adjourned by operation of law; would not the court have been justified in overruling it, because it afforded the counsel for the

other side no opportunity to meet it? We think an affirmative answer should be given to the question. There is nothing in the order overruling the motion to show upon what ground the court acted. Now, all presumptions must be indulged in favor of the court's ruling. We think, therefore, we should presume that the court overruled the motion because it was filed too late. We think a party should not only be diligent in discovering testimony, but also diligent in making use of it when discovered." See 3 Tex.Jur. § 761, p. 1083.

We have carefully considered all of appellant's assignments of error. We believe that no reversible error is shown. The judgment of the trial court is affirmed.