MARJORIE E. PITTSLEY, administratrix, *vs.* ELIZABETH M. ALLEN.

Bristol.    October 26, 1936. — March 30, 1937.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Negligence*, Employer's liability.   *Practice, Civil*, Exceptions.

An action could not be maintained for the conscious suffering and death of an employee of the defendant caused by a defective condition of his ice house where it appeared that the employee was in sole charge of keeping the ice house in repair.

An exception by a defendant to a "finding" by a judge for the plaintiff upon the report of an auditor whose findings were to be final presented to this court the question whether recovery could be had upon the facts found by the auditor.

TORT.    Writ in the Third District Court of Bristol, dated March 3, 1936.

Upon removal to the Superior Court the action was heard by *Baker*, J., who "found" for the plaintiff in the aggregate sum of $3,500.    The defendant alleged exceptions.

*A. Auger*, for the defendant.

*G. H. Young*, (*W. S. Downey* with him,) for the plaintiff.

LUMMUS, J.    The amended declaration is in three counts, one for the negligent injury and conscious suffering of the plaintiff's intestate, an employee of the defendant in harvesting ice, and two others apparently based upon G. L. (Ter. Ed.) c. 229, § 7, for negligently causing the death of the plaintiff's intestate.    *Neiss* v. *Burwen*, 287 Mass. 82. The facts appear in the report of an auditor whose findings of fact were to be final.

The defendant was not insured under the workmen's compensation act, and consequently cannot rely upon contributory negligence, voluntary assumption of risk, or the fellow servant rule.    G. L. (Ter. Ed.) c. 152, § 66.    *Sylvain* v. *Boston & Maine Railroad*, 280 Mass. 503, 505.    *Demaris* v. *Van Leeuwen*, 283 Mass. 169, 171.    The plaintiff's intes-

tate suffered the injury which caused his death when the timbers of an ice run pulled apart, and he fell to the ground, because the wood had rotted and a bolt did not hold. The rottenness of the wood was such as to amount to a defect. in the condition of the defendant's ways, works and machinery which had not been discovered or remedied because of the negligence of a person in the service of the defendant entrusted by her with the duty of seeing that the ways, works and machinery were in proper condition, within the employers' liability act (G. L. [Ter. Ed.] c. 153, § 1), as well as a breach of the defendant's duty to her employees at common law. *Fraioli* v. *New York, New Haven & Hartford Railroad,* 286 Mass. 450.

But the plaintiff's intestate was himself the defendant's superintendent, and was entrusted by her with the duty of inspecting, repairing and keeping safe all the property, equipment and instruments used in the business. The defendant relied wholly upon him, and never acted personally in the matter. If she was chargeable with negligence, it was only because his negligence was imputed to her by a rule of law. If, because of his negligence, a third person had been injured or killed, and she had been compelled to pay damages, the plaintiff's intestate would have been bound to reimburse her. *White* v. *Phillipston,* 10 Met. 108, 111. *Westfield* v. *Mayo,* 122 Mass. 100, 107. *Gordon* v. *Cross & Roberts, Inc.* 287 Mass. 362. *Alderman* v. *Noble,* 296 Mass. 30, 32. The doctrine that an employer, even when the fellow servant rule is in force, cannot rid himself of the duty of using due care to furnish an employee a safe place for work, by delegating that duty to a fellow employee or any other person (*Rogers* v. *Ludlow Manuf. Co.* 144 Mass. 198, 204, 205; *Moynihan* v. *Hills Co.* 146 Mass. 586, 592; *Cronan* v. *Armitage,* 285 Mass. 520, 525), has no application to an injury to the very employee who has undertaken to perform that duty for the employer. *Allen* v. *G. W. & F. Smith Iron Co.* 160 Mass. 557. *Drum* v. *New England Cotton Yarn Co.* 180 Mass. 113. *United States Steel Products Co.* v. *Noble,* 10 Fed. (2d) 89, 90. *Darden* v. *Nashville, Chattanooga & St. Louis*

*Railway,* 71 Fed. (2d) 799, 801. *Frese* v. *Chicago, Burlington & Quincy Railroad,* 263 U. S. 1. *Lynch* v. *New York, New Haven & Hartford Railroad,* 294 Mass. 152. One who occupies the dual position of the victim of negligence and the primary wrongdoer, is not entitled to ignore the latter, and recover damages from another who is responsible only secondarily and through a fiction of law, and entitled to cast the burden back by means of a cross action. The defendant violated no duty to the plaintiff's intestate.

Since the facts were determined by an auditor's report which amounted to a case stated, requests for rulings were useless and ought to have been ignored. *Howland* v. *Stowe,* 290 Mass. 142, 146. *Kamberg* v. *Springfield National Bank,* 293 Mass. 24, 25. But the exception to the so called "finding," which was in substance an order for judgment for the plaintiff upon the report, raises the question whether recovery can be had upon the facts found. That exception must be sustained. Under G. L. (Ter. Ed.) c. 231, § 124, judgment is to be entered for the defendant.

*So ordered.*