**MENDER v. BRYANT.**

No. 4690.

Court of Civil Appeals of Texas. El Paso.

Oct. 26, 1949.

Rehearing Denied Nov. 23, 1949.

Samuel K. Wasaff, of El Paso, for appellant.

A. L. Carlton, J. H. McBroom, both of El Paso, for appellee.

PRICE, Chief Justice.

This is an appeal from a district court of El Paso County, 65th Judicial District. As plaintiff, W. A. Bryant sued John Mender, d/b/a Liberty Grocery and Market, to recover damages for personal injuries alleged to be proximately caused by the negligence of defendant Mender. Trial was before the court with a jury, and the submission on special issues. On the verdict rendered the court entered judgment in favor of plaintiff against the defendant in the sum of $1515. As alleged in his petition, plaintiff was an employee of defendant, who was engaged in the grocery and meat market business in El Paso, Texas. In connection with his business defendant maintained in his store what is called a "walk-in box" for the storage of meats. In the course of his employment it was necessary for plaintiff frequently during the day to open the door thereof and store meat therein, likewise to take meat therefrom. The entrance to this meat box was some seven or eight inches below the floor. The door sill was covered with a metal strip, which of course was covered by the bottom of the door when the door was closed. It is alleged that this strip had become old and worn and pieces of metal protruded therefrom; that plaintiff in the course of his employment on or about the 17th day of January, 1949, went to carry a box containing meats from the said walk-in box to the counter; that he stumbled over said defective doorsill, fell, struck his groin, and as a result thereof suffered a double hernia; that it was negligence on the part of defendant to permit the defective condition of the floor at the point where plaintiff tripped and fell, and such negligence was the proximate cause of his injury.

Defendant's plea was a general denial. Plaintiff's petition alleged that defendant employed more than three workers in his business. The jury found that on the 17th day of January, 1949, while in the employ of defendant, plaintiff suffered a hernia; that on the doorway of the walk-in box there was a metal strip; that plaintiff

caught his foot and stumbled on such metal strip; that he fell against the box of meat he was carrying; that his hernia was proximately caused by catching his foot on the strip of metal; that the defendant was negligent in permitting the strip of metal to be in the condition it was; that his hernia was not caused by his attempt to lift a box of meat onto a meat block after first having caught his foot on the strip of metal; that his hernia was not caused by his placing a box of meat on the meat block farthest away from the door of the walk-in box. They found plaintiff's damage to be the sum of $1515.

Defendant excepted to submission of issues 3, 4, 5 and 6 for the reason that there is no evidence to support the submission of such issues. Issue No. 3 was: "Do you find from a preponderance of the evidence that plaintiff caught his foot on such metal strip and stumbled?" Number 4: "Do you find from a preponderance of the evidence that he fell against the box he was carrying?" Number 5: "Do you find from a preponderance of the evidence that plaintiff's hernia, if any, was proximately caused by his catching his foot, if he did, on the metal strip, if any?" Number 6: "Do you find from a preponderance of the evidence that defendant was negligent in permitting the strip of metal to be in the condition it was?" Special issues 3, 4 and 5 find support in the testimony of plaintiff. Plaintiff's evidence was that this strip of metal had been in bad condition for a long time. In regard to No. 5 plaintiff's evidence was that he was not afflicted with hernia before the incident complained of; that the hernia ensued a short time after the accident. Dr. Holt, the physician who attended plaintiff for his injuries testified to the freshly bruised condition of plaintiff's body, also in his opinion that the hernia ensued from a recent injury. In regard to question No. 6 plaintiff testified to the condition of the metal strip immediately under the bottom of the door when same was closed. From his testimony it may be inferred that same had existed for a long time. It is thought that knowledge, or the duty to know, on the part of defendant of this defective condition may be fairly inferred. It is thought that the evidence was sufficient to justify the submission of the issues to the submission of which defendant excepted. Defendant's real ground of complaint is as to special issue No. 6. In this case it is to be borne in mind that there are no issues either of assumed risk or of contributory negligence. This for the simple reason defendant did not so plead. If plaintiff established negligence as the proximate cause of the damage he was entitled to recover. Defendant as an employer owed the duty to exercise ordinary care to maintain the premises upon which plaintiff was required to perform the duties of the employment in a reasonably safe condition. The failure to plead contributory negligence finds explanation in the fact that defendant employed more than three employees and did not have workman's compensation insurance. If this be true the defenses of assumed risk and contributory negligence were not available. See Art. 8306, R. S. 1925, Vernon's Ann.Civ.St art. 8306. Plaintiff's knowledge of his failure in this respect does not necessarily preclude his recovery. El Paso Elec. Co. v. Sawyer, Tex.Civ.App., 291 S.W. 667; El Paso Elec. Co. v. Sawyer, Tex.Com.App., 298 S.W. 267; Smith v. Great Atlantic & Pac. Tea Co., Tex.Civ.App., 100 S.W.2d 1041.

Defendant cites and relies upon the following cases: Houston Nat. Bank v. Adair, Tex.Sup., 207 S.W.2d 374; Marshall v. San Jacinto Bldg., Inc., Tex.Civ.App., 67 S.W.2d 372, W.R.; Hausman Packing Co. v. Badaway, Tex.Civ.App., 147 S.W.2d 856, W.R.; Russell v. Liggett Drug Co., Inc., Tex.Civ.App., 153 S.W.2d 231; Ferguson v. Nat. Bank of Commerce, Tex.Civ. App., 174 S.W.2d 1015. In none of the cases is the relationship of an employer and employee involved. Each presents a case of a duty owing to an invitee or licensee. In each case contributory negligence was the defense. An invitee or licensee having equal knowledge with the owner of premises as to defective condition thereof can not hold the owner or one who maintains same responsible therefor.

No error appears, and it is ordered that the judgment of the trial court be in all things affirmed.