## BRANIFF INTERNATIONAL AIRWAYS, Inc. v. HARMAN.

No. 14046.

United States Court of Appeals
Fifth Circuit.

March 30, 1953.

W. Richard Bernays and Lucian Touchstone, Dallas, Tex., for appellant.

Ted Musick, Houston, Tex., for appellee.

Before HOLMES, RUSSELL and STRUM, Circuit Judges.

STRUM, Circuit Judge.

This is an action under the Texas Workmen's Compensation Law, Art. 8306, § 4, Vernon's Ann.Civil Statutes, to recover for personal injuries sustained by appellee in the course of his duties as an employee of appellant, Braniff International Airways, Inc. Following a jury verdict that Braniff was negligent, there was judgment for plaintiff below, from which this appeal is taken.

Plaintiff was employed by Braniff as a transportation agent at the Houston Municipal Airport. While walking rapidly along a passageway across the concrete loading ramp at the airport, he stumbled and fell over a movable wooden pallet or platform which protruded from its customary stowage place on the ramp and extended about two feet into the passageway. The pallet is a movable platform, about 4 feet square, and 8 to 12 inches in height, upon which baggage and freight is piled, the pallet then being lifted by a mobile power lift and transported to the waiting airplane on the ramp, where the baggage is loaded.

The accident occurred about 7:00 p. m., on October 31, 1950, after dark. There was testimony that the artificial light was inadequate. The testimony is in conflict as to how far, if at all, the pallet obstructed the passageway, and as to how long the obstruction had existed. There is credible evidence, however, from which the jury could reasonably find that the pallet was not in its customary place, but extended approximately two feet into the passageway; that it had been there for more than one hour—long enough to charge appellant with notice, as the ramp was continuously supervised; that plaintiff had been working on the opposite side of the terminal building, and had not seen the obstructing pallet; and that he fell over it while crossing the ramp in the assigned pathway for pedestrians looking for an incoming passenger on one of appellant's planes, for

whom plaintiff had secured some information as to schedules. There was substantial activity on the ramp at the time of the accident, as several planes were being loaded or unloaded.

Appellant being a "non-subscriber" or self-insurer under the Texas Workmen's Compensation Law, it is deprived of the defenses of contributory negligence, assumption of risk, and negligence of a fellow-servant. If the evidence establishes negligence on the part of the employer which was the proximate cause of the employee's injury, the employee is entitled to recover. Art. 8306, § 1, subd. 4, and Art. 8306, § 4, Vernon's Ann.Civil Statutes; Western Union Tel. Co. v. Coker, 146 Tex. 190, 204 S.W.2d 977; Mender v. Bryant, Tex.Civ.App., 225 S.W.2d 877.

An employer is required to exercise reasonable care and prudence to provide his employee a reasonably safe place in which to work in the circumstances of the employment. Atlantic Coast Line R. Co. v. Dixon, 5 Cir., 189 F.2d 525; Western Union v. Coker, supra. In the circumstances shown by this evidence, the jury could reasonably reach the conclusion, as it did, that appellant failed to discharge this duty and was therefore guilty of negligence. Compare Mender v. Bryant, supra.

Appellant asserts that plaintiff below can not recover because it was one of his duties to see that the loading pallet was properly stowed on the ramp in the space assigned for it, and thus to prevent or correct the very condition upon which plaintiff relies as constituting negligence on the part of the employer. The evidence shows, however, that plaintiff was not responsible, generally, for the safe stowage of the equipment in question, as was the injured superintendent in Pittsley v. Allen, 297 Mass. 83, 7 N.E.2d 442, and like cases, upon which appellant relies. It was plaintiff's duty, after using the ramp equipment himself, to replace it in the space assigned for it. On the afternoon of the accident, however, plaintiff had not been using the ramp equipment, but had been temporarily diverted to other duties. The obstructing pallet was placed by some other person.

Appellant also asserts that the judgment should be reversed because the damages awarded are excessive. As a result of his fall, plaintiff suffered a back injury, also an intestinal hernia. He was hospitalized on two occasions for about two weeks each, has undergone an operation for partial correction of the hernia, has suffered substantial and continuing pain, has incurred medical expenses of about $475, and has been unable to work full time since his injuries. Even if the verdict were excessive in fact, which we do not intimate that it is, it is not so inordinately excessive as to be contrary to reason, so as to render it excessive in law. See Sunray Oil Corp. v. Allbritton, 5 Cir., 188 F.2d 751.

Other assignments have been examined, but no reversible error found.

Affirmed.