*Municipal Court of the City of Boston*

No. 440841

### CITY OF BOSTON
v.
### POST OFFICE SQUARE PARKING, INC.

(March 28 — June 4, 1958)

*Present:* RILEY, J. (PRESIDING), FOX AND SHAMON, JJ.

Case tried to *Adlow, C. J.*

*Riley, J.* This is an action of contract brought by the City of Boston, as owner of certain land situated therein, which it had rented to the defendant as a tenant at will at a monthly rental of $6,470.79 payable in advance on the first day of each month.

Herein the plaintiff seeks the sum of $3,019.70 on an account annexed for the use and occupation of the land for the first fourteen days of September, 1953, because, as it argues, the defendant quit the premises on September 14 rather than on September 15.

On September 14, 1953 the plaintiff City of Boston, executed a lease of the same land to a third person for a period of years to commence on September 15, 1953, and the defendant quit the premises on September 14, 1953. *The plaintiff claims this act by the defendant amounts to a surrender which supports this action.*

The defendant's answer consists of a general denial and further in substance that the plaintiff had terminated its tenancy at will by the execution of the lease to a third person and that the defendant had quit the premises upon knowledge of the execution of the lease, and that such execution terminated the tenancy at will as a matter of law; *and that rent by it under such circumstances was not apportionable.*

The case was heard upon a case stated, as follows:

"For the purposes of the trial of this action and of any appellate review thereof, it is hereby stipulated and agreed by and between the parties that the facts set forth below shall be found to exist the same as if they were proven by the introduction of competent evidence, and that said facts are all the material, ultimate facts from which the rights of the parties are to be determined:

1. Except as otherwise stated herein, from on or before March 1, 1953 until the close of business on September 14, 1953, the defendant as a tenant at will of the plaintiff paying a monthly rent of $6,470.79 in advance on the first day of each calendar month used and occupied the parcel of land in the City of Boston bounded by Milk, Congress, Franklin and Pearl Streets and containing 67,899 square feet, more or less, which the plaintiff had theretofore acquired in fee by eminent domain for public off-street parking facility purposes under St. 1946, c. 474, as amended.

2. By a writing served on the defendant on September 9, 1953, the plaintiff notified the defendant as follows:

"You are hereby notified to quit and vacate the premises occupied by you for Off-Street Parking purposes, located at Post Office Square, Boston, bounded by Milk, Congress, Franklin and Pearl Streets, by the close of business September 14, 1953.

"Will you kindly forward to this office your check for occupancy of the premises, based upon its use for Off-Street Parking purposes for fourteen days, commencing September 1, 1953."

3. On September 14, 1953, but before the close of business on said day, the plaintiff, by a written lease duly made in accordance with St. 1946, c. 474, §3, as amended, leased the aforesaid parcel to the First Franklin Parking Corporation for a term of forty years commencing September 15, 1953; and

on September 14, 1953, but before the close of business on said day, the defendant was notified of said lease by the lessee.

4. At the close of business on September 14, 1953, the defendant by reason of said lease quit the aforesaid parcel and the plaintiff resumed constructive possession thereof until the First Franklin Parking Corporation entered thereon on September 15, 1953.

5. The defendant has never paid the 14/30 of $6,470.79 which the plaintiff by this action seeks to recover for the defendant's use and occupancy of the aforesaid parcel during the period commencing with September 1, 1953 and ending with the close of business on September 14, 1953."

Upon the submission of the case stated and before final arguments the plaintiff filed requests for rulings of law, two in number, which the trial judge acted upon by the denial of each. Apparently he did this through an abundance of precaution because ordinarily on a true case stated requests for rulings of law are surplusage. The rulings were both denied, however, instead of being ignored. *Antoun v. Commonwealth*, 303 Mass. 80; *Pillsley v. Allen*, 297 Mass. 83.

The trial judge ordered judgment for the defendant and the plaintiff claiming to be aggrieved, the judge has reported his action to this Division.

The contention set forth in paragraph 2 of the case stated relative to a notice given by the plaintiff to the defendant on September 9, 1953 to quit and vacate the premises by the close of business on September 14, 1953 and returning the defendant's check for the September rent and requesting a check for the fourteen days use and occupation, has fallen of its own weight as counsel for the plaintiff has not seen fit to argue or stress it as being a good statutory notice. *Boston v. Dolan*, 298 Mass. 346.

The sequence of events recited in paragraph 3 of the case stated, "On September 14, 1953 but before the close of business . . . written lease was duly made.

"On September 14, 1953, but before the close of business . . . the defendant was notified of said lease . . ., and in paragraph 4,

"At the close of business on September 14, 1953 the defendant by reason of said lease quit the aforesaid parcel . . ., clearly show that the defendant quit upon learning of the lease.

■ A lease executed to a third person terminates a tenancy at will the moment it is executed irrespective of the commencement of the term recited in the lease. *Lash v. Ames,* 171 Mass. 487, 490; *Pratt v. Farrar,* 10 Allen 519; *Twombley v. Monroe,* 136 Mass. 464; *Michael Chevrolet Inc. v. Inst. for Savings,* 321 Mass. 215, 219.

■ The execution ends the tenancy at will and all that a tenant is entitled to is a reasonable time to get out after learning of the existence of the lease. There being no prescribed notice required, he may learn of it in a most informal way, — even by word of mouth. *Mizner v. Munroe,* 10 Gray 290, 292.

The other contention of the plaintiff that it is entitled to recover a proportional part of the rent from a tenant at will whose tenancy has been terminated between two rent days by the execution of a lease to a third party, undoubtedly was predicated on its primary contention that the quitting of the premises upon learning of the lease constituted a surrender.

As there was no surrender, G. L. c. 186, §8, relied upon by the plaintiff, affords it no comfort as this statute does not apply. *Emmes v. Feeley,* 132 Mass. 346; *Hammond v. Thompson,* 168 Mass. 531.

Ordering judgment for the defendant on the case stated was not error.

*Report dismissed.*

*Hector F. Cicchetti and William H. Kerr,* for the plaintiff.

*Maguire & Rotch and Robert J. Sherrer* for the defendant.